Brent Dorian Brehm—SBN 248983
 E-mail: bbrehm@kantorlaw.net
Sarah J. Demers—SBN 330090
 E-mail: sdemers@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
Douglas Riccio

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RICCIO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　Defendants. | CASE NO: **'21CV1433 BEN WVG**<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Douglas Riccio, herein sets forth the allegations of his Complaint against Defendant Lincoln Life Assurance Company of Boston.

## **PRELIMINARY ALLEGATIONS**

1.　"Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights

under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Bebe Stores, Inc. Plaintiff is currently residing in the County of San Diego, State of California.

3. Plaintiff is informed and believes that Defendant Lincoln Life Assurance Company of Boston ("Lincoln") is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and transacting business in the Southern District of California and can be found in the Southern District of California. Lincoln is the insurer of benefits under the Bebe Stores, Inc. Group Disability Income Policy, (hereinafter "LTD Plan") and acted in the capacity of a plan administrator. Lincoln administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Bebe Stores, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

# FIRST CLAIM FOR RELIEF
# AGAINST LINCOLN LIFE ASSURANCE COMPANY OF BOSTON
# FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
# RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND
# ATTORNEYS' FEES AND COSTS
# (29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Bebe Stores Inc. and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Lincoln for LTD benefits under the LTD Plan. Lincoln approved that claim and paid benefits pursuant to the LTD Plan.

10. In a letter dated March 25, 2020, Plaintiff's claim for LTD benefits was denied by Lincoln on the assertion that Plaintiff was no longer disabled as defined by the LTD Plan. Plaintiff timely appealed this determination and provided objective evidence that his disability continued under the terms of the LTD Plan. Despite overwhelming evidence of a covered LTD claim, in a letter dated June 28, 2021, Lincoln erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits.

11. Defendant Lincoln breached the Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to Plaintiff at a time when Lincoln knew, or should have known, that Plaintiff was entitled to those

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886 2525

benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Lincoln had such knowledge, Lincoln denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Lincoln failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

12. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

13. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

14. As a proximate result of the aforementioned wrongful conduct of Lincoln, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required

to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

16. The wrongful conduct of Lincoln has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 11, 2021            KANTOR & KANTOR, LLP

By: */s/ Brent Dorian Brehm*
Brent Dorian Brehm
Sarah J. Demers
Attorneys for Plaintiff,
Douglas Riccio